```
         IN THE UNITED STATES DISTRICT COURT
       FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
```

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
|     Plaintiff | | |
| | : | |
| vs. | : | CRIMINAL NO.  1:CR-04-178-01 |
| | | CIVIL NO.     1:CV-05-1819 |
| | : | |
| SAMEH HADIMA, | | |
|     Defendant | : | |


## M E M O R A N D U M

### I.  Introduction

The Defendant, Sameh A. Hadima, filed a motion to vacate his sentence pursuant to 28 U.S.C. §2255.  The motion raises two claims of ineffective assistance of counsel.

### II.  Background

On December 3, 2004, the Defendant pled guilty to one count of making a false statement with respect to a material fact in an application, affidavit, or other document required by immigration laws and regulations in violation of 18 U.S.C. § 1546(a).  Hadima was sentenced to three months imprisonment and an assessment of $100.  The Defendant was to surrender to the custody of the Attorney General on June 6, 2005, and we subsequently extended his surrender date to June 27, 2005.

Hadima filed a notice of appeal on May 23, 2005. The Third Circuit appointed the Federal Public Defender's Office to represent him on appeal. The Third Circuit extended the Defendant's surrender date to August 1, 2005, and directed us to consider Hadima's motion for bail pending appeal, which we ultimately denied. Hadima surrendered to the Attorney General's custody on August 1, 2005. At present, the Defendant's appeal is still pending before the Third Circuit.

On September 8, 2005, the Defendant filed a counseled motion pursuant to § 2255. In his motion, Hadima argues that his trial counsel was ineffective for erroneously advising him that the United States Attorney would be recommending a probationary sentence in exchange for his guilty plea and that his trial counsel was ineffective for advising him to plead guilty to a crime he did not commit. When a defendant files a §2255 motion during the pendency of his direct appeal, we normally dismiss the motion without prejudice as premature. *See United States v. Cook*, 997 F.2d 1312, 1319 (10th Cir. 1993)(collecting cases); *see generally Kapral v. United States*, 166 F.3d 565, 570 (3d Cir. 1999)("a collateral attack is generally inappropriate if the possibility of further direct review remains open") (citing *Feldman v. Henman*, 815 F.2d 1318 (9th Cir. 1987)). However, since the short length of Hadima's sentence might render any § 2255 motion moot after his appeal is

decided (assuming that the Third Circuit denies the appeal), we will consider his current motion. *See United States v. Robinson*, 8 F.3d 398, 405 (7th Cir. 1993)(in deciding whether to consider a 2255 motion while an appeal is pending, the district court must balance the need for speedy relief against the need to conserve judicial resources).

III. Discussion

The Defendant's claims of ineffective assistance of counsel are governed by the standard set forth in *Strickland v. Washington,* 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). *Strickland* held that an ineffective assistance of counsel claim requires the petitioner to show: (1) that his counsel's performance fell below an objective standard of reasonableness; and (2) that the deficient performance prejudiced the defense. *Strickland*, 466 U.S. at 687-88, 104 S. Ct. at 2064. The reasonableness of counsel's conduct must be judged in light of the facts of the particular case at the time of the event. *Strickland*, 466 U.S. at 690, 104 S. Ct. at 2066. In analyzing that performance, the court must make every effort "to eliminate the distorting effects of hindsight," and determine whether "in light of all the circumstances, the

identified acts or omissions were outside the wide range of professionally competent assistance." *Id.*

Once it is found that counsel's performance was deficient, the court must determine if "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different." *Strickland*, 466 U.S. at 694, 104 S. Ct. at 2068.  A reasonable probability is a probability sufficient to undermine confidence in the outcome.  *Id.*

The Defendant's first argument is that his trial counsel was ineffective for advising him that the United States Attorney would be recommending a sentence of probation when, in fact, he recommended a period of incarceration.  Hadima contends that he would not have pled guilty if he had known that the Government would not be recommending probation.  In support of his argument, he submits an affidavit made by his trial counsel which states: (1) that trial counsel interpreted the plea agreement, which stated that the Government would recommend a sentence at the low end of the guideline range, to mean that the Government would recommend probation and advised the Defendant is accordance with that belief; (2) that trial counsel interpreted the Government's statement at the guilty plea hearing to mean that the United States Attorney would be recommending probation and that he advised Hadima that the

4

sentencing recommendation would be probation; and (3) that trial counsel noted his belief as to the Government's sentencing recommendation in his objections to the pre-sentence report. (Doc. 111, § 2255 motion, Ex. 1).

We find that even if trial counsel's performance can be considered deficient, the Defendant cannot satisfy the prejudice prong of the *Strickland* standard.  "To succeed in showing prejudice, [Hadima] must show that it is reasonably probable that, but for the erroneous advice of his trial counsel, he would have pled not guilty and gone to trial." *Meyers v. Gillis*, 142 F.3d 664, 668 (3d Cir. 1998).  In the instant case, the Defendant contends that had trial counsel not advised him that the Government would be recommending a term of probation, he would not have pled guilty.  However, the United States Attorney clearly stated that the Government intended to recommend "that the Court *impose the minimum term of imprisonment* under the applicable guideline range."  (Doc. 80, Guilty Plea Tr., p. 3)(emphasis added).  Hadima subsequently pled guilty to violating 18 U.S.C. § 1546(a).  (*Id.*, at p. 14). The Defendant did not raise any concerns about the Government's sentencing recommendation during the hearing on his guilty plea. As such, we find that, regardless of the representations Defendant's counsel may have made as to a sentence of probation, Hadima was aware at the time of his plea that the Government

5

wanted him to be incarcerated.  Thus, the Defendant cannot demonstrate that he was prejudiced by trial counsel's representations.

Hadima's second argument is that his trial counsel was ineffective for advising him to plead guilty to a crime he did not commit.  Specifically, he contends that the factual basis of his plea, as stated by the United States Attorney, does not contain any facts to establish that he made a false statement. In support of his argument, the Defendant directs our attention to the Government's assertion at the guilty plea hearing that the immigration form submitted by the Defendant contained a certification that the form was "signed by the persons whose names appeared on the form."  (*Id.*, at 11).  Hadima asserts that the form does not contain this certification and, as a result, there is no factual support for his guilty plea.  He also argues that he had his wife's permission to sign her name.

The Defendant pled guilty to knowingly making a false statement under oath or penalty of perjury regarding a material fact on a document required by immigration laws in violation of 18 U.S.C. § 1546(a).  The false statement he admitted to making at his guilty plea hearing was signing his wife's name to an immigration document and then submitting that document as if she had personally signed it.  (*Id.*, at 12).  In his motion, the Defendant does not contest this.  Instead he argues that because

6

the form does not contain a certification that his wife was the person who signed the form, contrary to the facts presented by the United States Attorney during the plea hearing, there is no factual basis for his conviction.  In signing the form, however, the Defendant certified "under penalty of perjury under the laws of the United States of America, that this petition and the evidence submitted with it is all true and correct."  (Doc. 111, § 2255 motion, Ex. 2).  When he signed the petition, Hadima was certifying that all of the information on the form was "true and correct."  The Defendant has admitted that the signature on the "spouse" line of the form is not his wife's and that he submitted the form as though it contained her *actual* signature.  As such, her "signature" is not "true and correct."  Therefore, we cannot find that Hadima did not certify, or have to certify, the authenticity of his wife's signature.[1]  We also note that having his wife's permission to sign the form does not change the fact that he has admitted to submitting the form to

---

[1] We are aware of the footnote in the United States Attorney's opposition brief to the Defendant's motion for bond pending appeal which states that "[t]he prosecutor misspoke when he added that the form contained a separate certification that it was actually being signed by the persons whose names appeared on the form." (Doc. 106, Opp. Brief to Motion for Bond, p. 5, n. 1).  However, it is clear to us that the Defendant did have to certify the authenticity of the signatures when he signed the immigration form.  While the Government's phrasing may not have been precise, it was not inaccurate for the prosecutor to assert that the Defendant had to certify the signatures on the form.

7

immigration officials as if his wife had *personally* signed it. Since there is a factual basis to support the plea, trial counsel was not ineffective for counseling the Defendant enter a plea of guilty.

IV.   Conclusion

Based on the foregoing discussion, we will issue an order denying Defendant's claims. The order will also deny a certificate of appealability, based on the analysis in this memorandum. However, the Defendant is advised that he has the right for sixty (60) days to appeal our order denying his section 2255 motion, *see* 28 U.S.C. § 2253(a), and that our denial of a certificate of appealability does not prevent him from doing so, as long as he also seeks a certificate of appealability from the court of appeals. *See* Federal Rule of Appellate Procedure 22.

We will enter an appropriate order.

/s/William W. Caldwell
William W. Caldwell
United States District Judge

Date: September 22, 2005

8

```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
```

UNITED STATES OF AMERICA,    :
    Plaintiff
                               :

    vs.                         :  CRIMINAL NO.  1:CR-04-178-01
                                      CIVIL NO.     1:CV-05-1819
                               :

SAMEH HADIMA,
    Defendant             :

## O R D E R

AND NOW, this 22nd day of September, 2005, it is Ordered that:

    1.  Defendant's 2255 motion (Docs.111) is denied.

    2.  Based on the accompanying memorandum, a certificate of appealability is denied.

    3.  The Clerk of Court shall close this file.

                                   /s/William W. Caldwell
                                  William W. Caldwell
                                  United States District Judge